1  MARK T. JESSEE   SBN 174233
   LAW OFFICES OF MARK T. JESSEE
2  50 W. Hillcrest Drive, Suite 200
   Thousand Oaks, CA 91360
3  (805) 497-5868
   (805) 497-5864 (Facsimile)
4  mjessee@jesseelaw.com

5  Attorney for Plaintiff, ADVANCE INHERITANCE, LLC

6

7

8                   UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10

11  In Re:                              )
                                        )   Case No.  2:13-bk-31282-RN
12  JOHN RODNEY SUGGS                   )   Chapter 7
    and TINNIE LUCILLE SUGGS            )
13                                      )
             Debtors.                   )   Adversary No.
14  _____ )
                                        )
15  ADVANCE INHERITANCE, LLC            )   COMPLAINT TO DETERMINE
                                        )   DEBT EXCEPTED FROM
16                                      )   DISCHARGE PURSUANT TO
             Plaintiff,                 )   11 U.S.C. §523(a)(4)
17                                      )
    JOHN RODNEY SUGGS,                  )
18                                      )
             Defendant.                 )
19  _____ )

20

21        COMES NOW PLAINTIFF ADVANCE INHERITANCE, LLC and alleging as follows:

22        Plaintiff, ADVANCE INHERITANCE, LLC, hereinafter "ADVANCE INHERITANCE",

23  creditor and party in interest in the above referenced bankruptcy proceeding, files this Complaint to

24  Determine Debt Excepted from Discharge Pursuant to 11 U.S.C. §523(a)(4), and in support thereof

25  respectfully represents to the Court as follows:

26

27

28

1

## I. JURISDICTION

2     1.     This Court has jurisdiction over the subject matter of this Complaint as a core

3     proceeding pursuant to the provisions of 28 U.S.C. §§ 157(b)(2)(I) 1334 and 11 U.S.C. §523 since

4     this is a proceeding to determine the dischargeability of a particular debt.

5     2.     This Complaint is timely filed.

6

## II. PARTIES

7

8     3.     ADVANCE INHERITANCE reasserts Paragraphs 1 through 2 by reference as if

9     specifically set forth herein.

10    4.     JOHN RODNEY SUGGS, hereinafter "DEFENDANT", filed a Voluntary Petition for

11    relief under Chapter 7 of Title 11 of the United States Code as Case No. 2:13-bk-31282-RN with his

12    wife, Tinnie Lucille Suggs, in this Court on August 23, 2013.

13    5.     ADVANCE INHERITANCE is a California limited liability company.  It is a secured

14    judgment creditor of DEFENDANT, which DEFENDANT failed to disclose in his Chapter 7

15    petition and schedules and statements DEFENDANT filed jointly with his wife Tinnie Lucille

16    Suggs.

17

18

## III. OPERATIVE FACTS

19    6.     ADVANCE INHERITANCE reasserts Paragraphs 1 through 5 by reference as if

20    specifically set forth herein.

21    7.     On or about February 16, 2005, DEFENDANT was appointed by the Superior

22    Court, State of California, County of Los Angeles, as Administrator of the Estate of Clarence

23    Edward Suggs in case BP089730, conditional upon DEFENDANT posting bond of $185,000.

24    8.     DEFENDANT posted $185,000 bond through his surety AMERICAN

25    CONTRACTORS INDEMNITY COMPANY on or about March 1, 2005 and executed and filed his

26    acknowledgment of the Duties & Liabilities of Personal Representative form acknowledging his duty

27    to keep estate funds in estate accounts and not his own as well as not to spend the estate's funds

28    without court permission.  Letters of Administration were issued to DEFENDANT on the same day

1  providing DEFENDANT authority to administer the Estate of Clarence Edward Suggs with full

2  authority under the Independent Administration of Estates Act.

3       9.    Upon issuance of Letters of Administration to him by the Superior Court

4  DEFENDANT became a fiduciary as to the creditors, administrative claimants and heirs of the

5  Estate of Clarence Edward Suggs.

6       10.    Despite having executed his acknowledgment of his understanding of his fiduciary

7  duties in the Duties & Liabilities of Personal Representative, during the month of June 2006

8  DEFENDANT sold three parcels of real property belonging to the Estate of Clarence Edward Suggs

9  and then deposited the $308,003.94 in net sale proceeds into his personal checking account without

10  Court permission, instead of the Clarence Edward Suggs Estate account.  DEFENDANT knew those

11  funds were an Estate asset.   Nevertheless, instead of returning them to the Estate he dissipated them

12  for his own personal benefit.

13       11.    ADVANCE INHERITANCE advanced inheritance to beneficiaries of the Estate of

14  Clarence Edward Suggs in exchange for assignments of their beneficial interest in that estate on or

15  about 2007.

16       12.    On or about March 10, 2010 DEFENDANT resigned as Administrator of the Estate of

17  Clarence Edward Suggs and was ultimately replaced by Mable Etjen.

18       13.    On June 21, 2010 DEFENDANT filed a First Interim Accounting, which was

19  opposed by both Mable Etjen and ADVANCE INHERITANCE.

20       14.    DEFENDANT, Etjen and ADVANCE INHERITANCE submitted the matter to

21  binding mediation on June 23, 2011.  On July 28, 2011 the mediator issued written findings and

22  conclusions that DEFENDANT breached his fiduciary duty to the Estate of Clarence Edward Suggs

23  by selling the Estate's 3 parcels of real estate and depositing the $308,003.94 net proceeds into his

24  personal checking account and never turning over those funds to the Estate.   As a result of this

25  breach of fiduciary duty, the mediator found DEFENDANT owed the Estate of Clarence Edward

26  Suggs $353,995.65, including preaward interest, as a surcharge.

27       15.    Mabel Etjen as the successor administrator of the Estate of Clarence Edward Suggs

28  filed a Petition to confirm the binding mediator's award, which the Superior Court confirmed by

order dated December 12, 2011.  This order was not appealed and is final under California Law.

16.     The Estate obtained a $185,000 bond judgment in the Probate case against AMERICAN CONTRACTORS INDEMNITY COMPANY and DEFENDANT on May 11, 2012.

17.     On or about July 24, 2012 AMERICAN CONTRACTORS INDEMNITY COMPANY paid $185,000 to the Estate.  At that point AMERICAN CONTRACTORS INDEMNITY COMPANY became subrogated to the Estate's rights against DEFENDANT.

18.     AMERICAN CONTRACTORS INDEMNITY COMPANY is pursuing its own adversary complaint objecting to Defendant's discharge of its debt under 11 U.S.C. § 523(a)(4) in case number 2:13-ap-01888-RN.

19.     In the probate case the Superior Court awarded ADVANCE INHERITANCE $204,078.60 of the surcharge judgment against DEFENDANT as the assignee of the Estate Beneficiaries in its Order Approving Second and Final Account dated August 12, 2012.

20.     ADVANCE INHERITANCE has a claim against DEFENDANT in the principal amount of $204,078.60 plus accumulated interest at 10%, the California legal rate from August 12, 2012,  No payments have been made, nor is Defendant entitled to any other credits.

**IV.     FIRST CLAIM: VIOLATION OF 11 U.S.C. § 523(A)(4 )(DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY)**

21.     ADVANCE INHERITANCE reasserts Paragraphs 1 through 20 by reference as if specifically set forth herein.

22.     DEFENDANT's actions while acting as Administrator of the Estate of Clarence Edward Suggs in misappropriating for himself and dissipating the net proceeds from the sale of the three parcels of real property belonging to the Estate, constituted a defalcation while acting in a fiduciary capacity.

23.     ADVANCE INHERITANCE was damaged by DEFENDANT'S actions in the principal amount of $204,078.60 plus prejudgment interest at 10% per year from August 12, 2012.

24.     DEFENDANT'S actions are defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4) such that the debt owed to ADVANCE INHERITANCE is excepted from

1   discharge.

2

3   **V.  SECOND CLAIM: VIOLATION OF 11 U.S.C. § 523(A)(4) (EMBEZZLEMENT)**

4       25.    ADVANCE INHERITANCE reasserts Paragraphs 1 through 24 by reference as if

5   specifically set forth herein.

6       26.    The net proceeds from the sale of the three parcels of real property were assets of

7   the Estate of Clarence Edward Suggs.

8       27.    DEFENDANT, while acting as Administrator of the Estate of Clarence Edward Suggs,

9   was rightfully in possession of the net proceeds from the sale of the three real estate parcels belonging

10  to the Estate.

11      28.    DEFENDANT'S taking of the net sale proceeds and depositing them into his own

12  personal account and subsequent dissipation of the funds was a misappropriation of the funds for a

13  use other than to which they were entrusted to DEFENDANT.

14      29.    DEFENDANT knew and acknowledged in writing to the Superior Court in the Duties

15  and Liabilities of Personal Representative that he was not allowed to deposit money belonging to the

16  Estate of Clarence Edward Suggs into his personal account and that he was not allowed to distribute

17  the Estate's money to himself without Court Permission other than for reimbursement of official court

18  costs made to the county clerk or for bond premium.

19      30.    DEFENDANT also knew there were creditors of the estate, administrative claimants

20  and other Estate beneficiaries besides himself that were entitled to distribution from the Estate assets.

21      31.    Despite his knowledge that the net sale proceeds from the three real property parcels

22  belonged to the Estate of Clarence Edward Suggs; that he was required to only deposit the funds into

23  an interest bearing account belonging to the Estate; and his knowledge that the sale proceeds were to

24  be used to pay Estate creditors, Administrative Claimants and beneficiaries other than himself,

25  DEFENDANT misappropriated the net sale proceeds into his own personal account and dissipated the

26  funds for his personal benefit.  This conduct was hidden from the Superior Court for over 3 years

27  until DEFENDANT was forced to resign as Administrator of the Estate.

28      32.    DEFENDANT had fraudulent intent in misappropriating the net sale proceeds for his

1  personal use such that his actions constituted embezzlement under 11 U.S.C. §523(a)(4) and as a

2  result of said conduct, the $204,078.60 plus prejudgment interest at 10% per year from August 12,

3  2012 owed to ADVANCE INHERITANCE is excepted from discharge.

4

5  ## VI.  **PRAYER FOR RELIEF**

6  WHEREFORE, plaintiff ADVANCE INHERITANCE, LLC respectfully requests that this

7  Court grant the following relief:

8  1.  A monetary judgment against the Defendant, JAMES RODNEY SUGGS in favor of

9  plaintiff, ADVANCE INHERITANCE, LLC in the principal amount of $204,078.60 plus

10  prejudgment interest at 10% per year from August 12, 2012 until the date of judgment herein;

11  2.  Costs of Suit;

12  3.  A judgment that defendant JAMES RODNEY SUGGS' indebtedness to

13  ADVANCE INHERITANCE, LLC plus prejudgment and postjudgment interest as provided by law

14  and costs of suit herein constitute a nondischargeable debt pursuant to 11 U.S.C. §523(a)(4);

15  4.  An Order granting ADVANCE INHERITANCE, LLC such other and further relief

16  as this Court deems just and equitable.

17

18  Dated: November 18, 2013                          Respectfully submitted,

19                                                     LAW OFFICES OF MARK T. JESSEE

20

21  By:  _____

22         MARK T. JESSEE,
         Attorney for Plaintiff
23         ADVANCE INHERITANCE, LLC

FORM B104  (08/07)                                                2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS ADVANCE INHERITANCE, LLC | DEFENDANTS JOHN RODNEY SUGGS |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>LAW OFFICES OF MARK T. JESSEE<br>50 W. Hillcrest Dr., Ste 200, Thousand Oaks, CA 91360<br>(805)  497-5868 | ATTORNEYS (If Known)<br>HALE ANDREW ANTICO<br>27578 Sierra Highway<br>Santa Clarita, CA 91351 (661) 252-9900 |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Action to except debt from discharge under 11 U.S.C. §523(a)(4) for defalcation while acting in a fiduciary capacity and for embezzlement

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ $204,078.60 plus prejudgment interest. |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2                                                                2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>John Rodney Suggs | **BANKRUPTCY CASE NO.**<br>2:13-BK-31282-RN | |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>Los Angeles | **NAME OF JUDGE**<br>Hon. Richard Neiter |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF**<br>American Contractors Indemnity Company | **DEFENDANT**<br>John Rodney Suggs | **ADVERSARY PROCEEDING NO.**<br>2:13-ap-01888-RN |
| **DISTRICT IN WHICH ADVERSARY IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>Los Angeles | **NAME OF JUDGE**<br>Hon. Richard Neiter |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE**<br>11/18/2013 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>MARK T. JESSEE | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.